UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WINSTON LUKE CARTER,<br><br>Defendant. | Case No. 1:21-cr-00299-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the United States' Objection to and Motion to Dismiss Third-Party Claim filed by Kathleen K. Carter (Dkt. 82). Ms. Carter, who is the defendant's mother, alleges an ownership interest in three guns and several rounds of ammunition, which have been preliminarily forfeited to the United States. Having reviewed the briefing, the relevant record, and the applicable law, the Court will: (1) grant the motion without leave to amend as to the ammunition and the rifle; (2) grant the motion, with leave to amend, as to the shotgun; and (3) deny the motion as to the pistol.

## BACKGROUND

In February 2023, Defendant Winston Carter pleaded guilty to three crimes:

MEMORANDUM DECISION AND ORDER - 1

(1) unlawful possession of firearms and ammunition; (2) possession of an unregistered silencer; and (3) attempted destruction of evidence. The Court sentenced him to 35 months' imprisonment, followed by 3 years of supervised release. *See Judgment,* Dkt. 78. The Court also entered a Preliminary Order of Forfeiture as to the following property:

(1) a Ruger, Model 22/45, 22 caliber pistol, serial number 390-59030;

(2) a Spike's Tactical, Model ST15, .223 caliber rifle, serial number VK007479;

(3) a .410-guage shotgun of unknown make and model, bearing serial number 59762;

(4) 32 rounds of Remington, .22 caliber rimfire ammunition, bearing the headstamp "U"; and

(5) six rounds of Rheinisch Westfalischen Sprengstoff (RWS), .22 caliber rimfire ammunition, bearing headstamp "R" in the center of a shield.

*May 23, 2023 Preliminary Order of Forfeiture, Final as to Defendant,* Dkt. 75. After publishing the notice of forfeiture, the government identified Ms. Kathleen K. Carter as a potential interested party. Ms. Carter then filed a petition, asserting an ownership interest in all guns and ammunition listed in the forfeiture order. Ms. Carter did not allege any additional facts regarding the ammunition. Instead, she simply included the ammunition in the list of assets she claims to own. *See* Dkt. 81, at 1. She alleged additional information regarding the three guns, as follows:

**MEMORANDUM DECISION AND ORDER - 2**

### The Pistol

Ms. Carter alleges that the pistol was given to her as a gift: "This pistol was bought for me as a gift. It was a gift to replace a .22 I no longer had. I only fired it one time so it is in new condition, still in the box." *Id.* at 6. She goes on to say that the gun "was given to me two years ago now, I think. I'm sorry I'm not that good at remembering dates. It was maybe only one year ago in the fall." *Id.*

### The Rifle

As for the rifle, Ms. Carter alleges that "Winston gave me this gun because he could no longer have it because of his fellony charge. I'm not sure when he got it, but I went with him to a gun show in Meridian I think. Or maybe Boise." Dkt. 81, at 4. She goes on to state that she does not have documentation for this item, explaining that "[n]o documentation was required at the gun show." *Id.*

### The Shotgun

And, finally, Ms. Carter says this about the shotgun: "This is an old gun belonging to my Father. It was given to my family after his death, in the summer of 2016. It has been damaged on the hammer that my dad tried to fix." *Id.* at 5. And, once again, she explains that "[t]here is no paperwork on it." *Id.*

The government moves to dismiss Ms. Carter's petition

## LEGAL STANDARD

The procedures governing the ancillary proceeding are contained in 21 U.S.C. § 853(n). The ancillary proceeding is the forum in which third parties are given the opportunity to contest the forfeiture on the ground that the forfeited property belongs to the third party, not the defendant. *See, e.g., United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005) (in an ancillary proceeding under § 853, "the sole legal issue before the court is the ownership interests of the competing parties") (quoting *United States v. McHan*, 345 F.3d 262, 281 (4th Cir. 2003)).

Title 21, United States Code, Section 853(n)(6) establishes the sole bases upon which a third-party claimant can establish an interest in criminally forfeited property during an ancillary proceeding. Namely, to prevail in ancillary proceedings, a claimant must prove either (1) the claimant had a legal right, title, or interest in the property that vested in the claimant rather than the defendant, or was superior to any right, title, or interest of the defendant at the time of the commission of the acts that gave rise to the forfeiture of the property, or (2) the claimant is a bona fide purchaser for value of the right, title, or interest in the property and at the time of the purchase was reasonably without cause to believe the property was subject to forfeiture. *See* 21 U.S.C. §§ 853(n)(6)(A), (B); *see also United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007). In other words, for

a third party to prevail, the third party must show that it is the "'rightful owner[ ]' of forfeited assets." *See United States v. 101 Houseco, LLC*, 22 F.4th 843, 848 (9th Cir. 2022) (*citing Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 629 (1989)). The technical requirements for a petition asserting a legal interest in such property are laid out in § 853(n)(3):

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

State law determines whether a petitioner has a property interest, while federal law determines whether that interest can be forfeited. *See, e.g., United States v. Hooper*, 229 F.3d 818, 820 (9th Cir. 2000)

Once a petition is filed in an ancillary proceeding, "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). In considering the government's motion to dismiss, "the facts set forth in the petition are assumed to be true." *Id*. A motion to dismiss a third-party petition in a forfeiture proceeding is treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b). *See United States v. Marion*, 562 F.3d 1330, 1339, 1342 (11th Cir. 2009) (citation omitted); *see also United States v. Morgan*, 2:18-CR-00132-

**MEMORANDUM DECISION AND ORDER - 5**

RAJ, 2022 WL 1443743, at *2 (W.D. Wash. May 6, 2022), *aff'd sub nom. United States v. Guadalupe*, 22-35394, 2023 WL 2966038 (9th Cir. Apr. 17, 2023). Accordingly, the petition must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If "a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing." *Morgan*, 2022 WL 1443743, at *2 (*quoting United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996)).

## ANALYSIS

The Court will tick through each asset listed in the forfeiture order, beginning with the ammunition. As will be explained, Ms. Carter's petition is sufficient as to one of the guns (the pistol) but deficient as to all remaining items.

**A.   The Ammunition**

Ms. Carter has not explained how or why she has a legal right, title, or interest in the ammunition. She included the ammunition in a listing of assets within her petition, but she doesn't otherwise explain how or why she came to own these items. Such conclusory allegations are insufficient. In the absence of factual allegations showing the time and circumstances of her right, title, or interest in the property, the petition does not meet the demands of § 853(n)(3) and is therefore

deficient. *See, e.g., United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (holding that "a conclusory legal interest" is insufficient to meet the requirements of § 853(n)(3)). Accordingly, the Court will dismiss the petition, without leave to amend, as it relates to the ammunition.

**B.    The Guns**

As noted above, there are three guns at issue: a rifle, a pistol, and a shotgun.

Beginning with the rifle, Ms. Carter says that her son—the defendant in this case—gave her the rifle "because of his fellony charge." *Petition,* Dkt. 81, at 4. The only logical inference to be drawn from this allegation is that the defendant gave Ms. Carter the gun *after* having committed a felony. The problem for Ms. Carter is that, under the relation-back doctrine, she must establish that she had an interest in the gun *before* the commission of the crime that led to the forfeiture. As one court has explained, "It follows inexorably [from the relation-back doctrine] that a third party asserting an interest in forfeited property must establish that his interest in that specific property existed *before* the commission of the crime that led to the forfeiture." *United States v. Catala*, 870 F.3d 6, 10 (1st Cir. 2017). Given Ms. Carter's allegation as to why she possesses this gun (because of the defendant's felony), she will be unable to succeed on her claim. Accordingly, the Court will grant the motion as to the rifle.

**MEMORANDUM DECISION AND ORDER - 7**

The Court will deny the motion as to the pistol, however. Ms. Carter said she received that pistol as a gift in 2021 or 2022. Granted, more details in the petition would have been helpful—as in who gave her the pistol, what the occasion was, and a more precise date. But at this stage, the Court must presume the truth of the allegations and draw inferences in Ms. Carter's favor. Viewed in that light, it is plausible that Ms. Carter has an ownership interest in the pistol that is superior to defendant's. It may well be that the government will prevail later in the proceedings, but Ms. Carter has alleged enough to survive a motion to dismiss.

As for the shotgun, Ms. Carter describes that as an old gun that belonged to her father. She says that the shotgun "was given to my family after his death." Dkt. 81, at 5. This is not sufficient. It's not enough to say simply the gun was given to "family"—particularly when the family includes the defendant. If Ms. Carter wishes to proceed with her claim to the shotgun, she will need to provide more information in an amended petition, establishing that *she* possesses a right, title, or interest in the gun. Because Ms. Carter may be able to cure this deficiency, the Court will give her an opportunity to amend her petition, in which she must allege more specific information that would support her acquisition of the right, title, or interest in the gun. For example, she might provide information regarding the will or some other documentation.

MEMORANDUM DECISION AND ORDER - 8

# ORDER

**IT IS ORDERED that** the United States' Objection to and Motion to Dismiss Third-Party Claim filed by Kathleen K. Carter (Dkt. 82) is **GRANTED IN PART and DENIED IN PART,** as follows:

(1) The Ntion is **GRANTED WITHOUT LEAVE TO AMEND** as to the following assets:

   a. Spike's Tactical, Model ST15, .223 caliber rifle, serial number VK007479;

   b. 32 rounds of Remington, .22 caliber rimfire ammunition, bearing the headstamp "U"; and

   c. six rounds of Rheinisch Westfalischen Sprengstoff (RWS), .22 caliber rimfire ammunition, bearing headstamp "R" in the center of a shield.

(2) The Motion is **GRANTED WITH LEAVE TO AMEND** as to the .410-guage shotgun of unknown make and model, bearing serial number 59762.

(3) The Motion is **DENIED** as to the Ruger, Model 22/45, 22 caliber pistol, serial number 390-59030.

(4) Ms. Carter may file an amended petition within 28 days of this order, for the sole purpose of providing further explanation regarding her assertion of an interest in the shotgun described above.

MEMORANDUM DECISION AND ORDER - 9

(5) The Clerk of Court shall copies of this Order to the government and to Ms. Carter.

DATED: June 27, 2025

B. Lynn Winmill
United States District Judge